## * SPAULDING'S APPEAL.

From January 1 to July 4, 1868, the homestead law of this State only gave a homestead to the widow and minor children of a deceased debtor, as against the creditors and grantees of the deceased, and not as against his heirs.

The parties, Mary E. Spaulding, apt., against the estate of Erastus Spaulding, agreed to submit this case to the decision of the court upon the following statement of facts :

The petitioner, Mary E. Spaulding, is the widow of said Erastus Spaulding, late of Keene, in said county, deceased, intestate, who died on March 20, 1868, leaving two children only, both over twenty-one years of age, and a dwelling-house, and other real and personal estate, the personal property being more than sufficient for the payment of all his debts and the expenses of administration.

The petition of said widow to the judge of probate for this county, for her homestead to be set off to her in a portion of said real estate which constituted the ·homestead of said deceased, upon which they resided for several years prior to and at the time of his decease, and upon which she has continued to reside, having been denied, she took this appeal and filed her reasons therefor.

*Wheeler & Faulkner*, for the appellant.

1. The only question arising in this case is, whether the widow of a person, who died solvent between January 1, 1868, and July 4, 1868, is entitled to a homestead.

There is no question but that the widow of every person seized of a homestead, and dying between January 1, 1852, and January 1, 1868, or since July 4, 1868, would be entitled to a homestead, whether the

---

* Decided June term, 1870.                              REPORTER.

estate of the deceased were solvent or insolvent; but it is claimed that, for the space of about six months, the policy of legislation in this State in regard to homestead rights was so far changed as to discriminate between the cases of solvent and insolvent estates.

Those who maintain this position base their claim upon the literal interpretation of sec. 1, ch. 124, Gen. Stats., by the terms of which provision is made only for a homestead for the wife, widow, or children of every debtor, as against his creditors and grantees. If this were the only provision in the statutes upon the subject of homesteads, the claim would seem to be well founded, and we might be obliged to concede that the commissioners and the legislature of 1867 intended to change the policy which had been maintained without objection for more than fifteen years, and to restrict, rather than increase, the rights and privileges of widows and minor children.

In order to ascertain what the law upon any subject is, we are not to look at any particular act touching that subject, but at all acts *in pari materia.* This is the rule when the subject has been legislated upon at different times, and it is especially true where all the legislation upon that subject, although found in different chapters or divisions, is the work of one legislature, and is put into operation at the same time and by one legislative act. The appellant, in this case, places her claim upon the clear and distinct provisions of sec. 11, ch. 183, Gen. Stats.: she comes within the class of persons described therein : the provisions of that section can apply to no other than a solvent estate, and, in it, her right to a homestead is clearly recognized. In secs. 7, 8, 9, and 12 of the same chapter, which can have no meaning unless they refer to solvent estates, the widow's right of homestead is as clearly recognized as that of dower. In sec. 1, ch. 184, which could have no operation unless the estate were solvent, the widow's homestead right is put upon the same footing with the right of dower. Unless the widow is entitled to a homestead where the estate is solvent, much of the language contained in secs. 1 and 10 of ch. 185 is without meaning. If an estate is insolvent in fact, it is the duty of the administrator to sell all the real estate of the deceased, including the reversion of the dower and homestead; and in such case it would seem to be idle to make provision for the division of the shares of heirs or devisees in the real estate of the deceased, and "in the widow's dower, and in the family homestead after it shall have reverted," or for solemnly enacting that the reversion of the dower and family homestead may be set off, divided, or assigned "with the other real estate," if the only case in which a homestead can be established is one in which there can be no reversion, either of dower, or homestead, or any other real estate.

Bearing in mind, then, that the law in relation to homestead rights, as it stood on March 20, 1868, was the result of a revision designed to simplify and render more concise the previous laws, and did not profess to be original legislation or in amendment of previous legislation upon that subject; that the expediency of such change as is now

claimed to have been made had never been discussed, either in the legislature or elsewhere; and construing together all the different provisions relating to homestead so as to preserve consistency and give due effect to all,—we cannot entertain a doubt that it was the design of the legislature of 1867 to secure—what the legislature of 1868 did, in terms, secure—a homestead to the widow of every person deceased owning a homestead, as against heirs, as well as against creditors and grantees. *Hayes* v. *Hanson*, 12 N. H. 284; *Sloan* v. *Bryant*, 28 N. H. 71; *Robinson* v. *Tuttle*, 37 N. H. 248; *Mooers* v. *Bunker*, 29 N. H. 420; *Jewell* v. *Holderness*, 41 N. H. 161.

2. The other construction of the law would lead, in many cases, to this practical absurdity, that the widow whose husband died solvent would receive less from his estate than if he had died insolvent;—if his personal property and the sale of his outlands just sufficed to pay his debts and administration expenses, she would take dower only in what had been his homestead; but if his whole estate, real and personal, were insufficient to pay his debts, she would take both dower and homestead.

3. The appellant claims, moreover, that, by virtue of the laws in force prior to January 1, 1868, she had acquired a vested right to a homestead in the place upon which she then lived, which could not be divested by any subsequent legislation. The *dictum* of Judge WOOD-BURY, in *Merrill* v. *Sherburne*, 1 N. H. 214, that "the right of *femmes covert* to dower may be taken away, or modified, at any period before the death of their husbands," does not seem to be supported by authority; but the wife's homestead right stands upon firmer ground, even, than that of dower,—because, in the former case, a right to the immediate enjoyment of the estate exists during the life of the husband, the law seeming to make of them, in some respects, joint tenants, and placing it beyond the power, either of the husband or his creditors, to deprive her of this immediate enjoyment or use without making adequate compensation.

*Vose*, for the appellees.

1. The homestead law of 1851, which provided that the family homestead, not exceeding $500 in value, should not be subject to the laws of distribution or devise so long as occupied by the widow or minor children, having been repealed by chapter 273, section 14, General Statutes, the whole real estate left by the intestate, at his death in March after that repeal, became subject to those laws, and passed to the appellees, his heirs-at-law. The homestead law, as revised in the General Statutes, only gave homestead as against creditors and grantees of the debtor, and not as against his heirs. Whether this change in the law was accidental or otherwise is immaterial. But it appears from the report of the commissioners of revision (referred to in the appellant's brief), on page 316, sec. 1, that the letters " s. m.," defined to mean " where a substitute is proposed with materially different provi-

sions" being set against that revised section, the change was intentionally made by the commissioners, and could not have escaped the attention of the legislature.

2. But if this were otherwise, and if the omission in sec. 1 of ch. 124 was accidental, yet it cannot be supplied by construction. "Where some parts of a revised statute are omitted in the revision, they are not to be revived by construction, but are to be considered as annulled." BELL, C. J., in *State* v. *Wilson*, 43 N. H. 419, and authorities there cited. The contemporaneous acts *in pari materia*, were Gen. Stats., ch. 124, sec. 1, the several sections of chaps. 183, 184, and 185, cited by appellant, and ch. 273, sec. 14, expressly repealing the homestead act of 1851. In all those sections cited, the term "homestead" may have its meaning, in reference to those against grantees or creditors which carry with them a reversion—*Tucker* v. *Keniston*, 47 N. II. 267—or those vested before the repeal and not affected by it. This term in those sections has no adequate data of value and other incidents from which an exemption, as against heirs, could be raised by construction. Homestead, like dower, always originates from ownership by the husband, and may well be taken into account, where it exists, in laws for distribution of his property.

3. Except where otherwise provided by statute, homestead of the wife is, like dower, a mere expectancy, and does not vest until after the husband's death. Nothing appears in this case to take it out of the ordinary rule.

SARGENT, J.   The homestead law of 1851, which provided that the family homestead, not exceeding $500 in value, should not be subject to the laws of distribution or devise so long as occupied by the widow or minor children, was repealed by the General Statutes, chapter 273, section 14. This repeal took effect January 1, 1868, and the new law took effect from the same date. But the new statute differed very materially from the old,—General Statutes, chapter 124, section 1,—which is the only section under which provision is directly made for a homestead, being that " the wife, widow, and children of every debtor who is owner of a homestead, or of any interest therein, occupied by himself and his family, shall be entitled to so much of said homestead or interest as shall not exceed in value five hundred dollars, as against the creditors of such debtor and his grantees, for and during the life of such wife or widow, and the minority of such children."

This new provision of the law, as will be seen, only gives a homestead as against creditors and grantees of the debtor, and not as against heirs; so that by this provision the lands, in the case before us, would pass directly to the children upon the death of the intestate, in March, 1868, they being the heirs-at-law, and the case finding that the personal property in this case is more than sufficient for the payment of the debts and expenses of administration.

At the June session, 1868, this provision of chapter 124 was so modified as to give a homestead against heirs as well as against

creditors and grantees. Laws of 1868, ch. 1, secs. 33, 37. Whether that omission in the General Statutes was intentional or accidental, we do not know. But it is enough for us to know that this provision for a homestead as against heirs *is* omitted, no matter for what reason; and where some parts of a revised statute are omitted in the revision, they are not-to be revived by construction, but are to be considered as annulled. *Leighton* v. *Walker*, 9 ·N. H. 59; *Wakefield* v. *Phelps*, 37 N. H. 304; *State* v. *Wilson*, 43 N: H. 419, and cases cited.

But it is claimed that there are some other provisions of the General Statutes which clearly recognize the existence of homestead rights in the widows of those who die without minor children, and whose estates are solvent, and leave personal property, as in this case, more than enough to pay all debts and expenses. And there is no question but that, in order to ascertain what the law is upon any subject, we are not to look at any single provision, but to all acts *in pari materia*.

In this case, the acts are all contemporaneous;—and see ch. 124, sec. 1, *above*, and the several sections of chaps. 183, 184, and 185, cited by the appellant, and also ch. 273, sec. 14, *above*, which expressly repeals the homestead law of 1851;—of these several sections cited by the appellant, she selects one as being as strongly in her favor as any, and places her claim upon its clear and distinct provisions. Chapter 183, sec. 11, is as follows : "The widow of any person deceased, intestate, leaving lineal descendants, shall be entitled, in addition to her dower and homestead, to one third part of the personal estate, after the payment of the debts and expenses of administration."

It will be observed that this, and the other provisions which refer to dower and homestead, were designed to give additional shares or portions of the personal property to the wife. In some sections, certain shares are given in addition to dower and homestead ; and in others, as in the eighth section of the same chapter, a half is given, after payment of debts,—the half to include dower and homestead. It was not the design of any of these sections to give, to regulate, or modify the rights of homestead or of dower ; but, simply taking those rights to be what other portions of the statute had expressly made them, all these-sections and provisions were made to give the widow a certain share of the personal property, either exclusive of dower and homestead, or, including those, to give her a certain share of the whole estate.

And, when it is said that she is to have one third of the personal property in addition to her dower and homestead, it does not mean that she must necessarily have both a dower and homestead, or either of them ; but the meaning is, that this amount or ·share of personal property is to be in addition to such rights of dower and homestead as may exist in her favor, if any. There may be no such right ; but if there is, then the specified allowance is to be in addition to that, whatever it may be.

And there are cases which would come under and require this exception, even if the right of homestead is to be regulated only by

sec. 1, ch. 124, *supra*. Suppose the husband died just before January 1, 1868, but the estate is to be settled after that date: the homestead right would be governed by the law in force at the time of the husband's death. The wife and widow might have a right of homestead as well as a right of dower in lands, under the old law, where the estate was to be settled according to the provisions of the old law, although after it was repealed and while the new law was in force.

We have been unable to find any section under which there would not be some cases in which homestead as well as dower would be held by the widow, and yet the new law, giving her in addition to these a certain share of personal property, would also apply. And if there are any cases to which the statute in its present form would apply, then there would be no necessity of giving any construction to the statute but the plain and obvious one, that by dower and homestead are meant just such rights as the wife has to both or either of them, but that she might have one, or the other, or both, or neither, and it would not interfere with the plain provisions and evident intention of the statute.

Looking at all these provisions in that light, we see nothing that requires or that would necessarily tend to lead us to give the construction to these provisions which the appellant claims. And we are the rather inclined to hold to the plain and simple construction of the statute which the legislature have passed, without undertaking to change it by any forced construction. If the legislature did not make any mistake in their law, then it means and was intended to mean a very different thing for homestead from that set off by the old law; and we should not be justified in making the law a totally different thing, by our construction, from what they intended and actually made it. But if the legislature did make a mistake, they alone can rectify it; and the law is not to be changed from its plain meaning for the purpose of correcting that supposed error, by any forced construction by the court. The decree of the judge of probate

*Must be affirmed.*